UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAIRYLAND INSURANCE COMPANY, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>UNIVERSAL HEALTH SERVICES, INC., et al., )<br>)<br>Defendant(s). )<br>_____) | Case No. 2:13-cv-01958-JAD-NJK<br><br>ORDER DENYING MOTION TO EXTEND THE DEADLINE TO SERVE DEFENDANTS<br><br>(Docket No. 15) |

Pending before the Court is Plaintiff's motion to extend the deadline to serve the Second Amended Complaint on Defendants Thomas Robinson and the Estate of William Smith. Docket No. 15. Upon a showing of good cause, the Court must extend the time to serve the complaint. *See* Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect." *Morgan v. City of Henderson Detention Ctr.*, 2011 WL 1626560, *2 (D. Nev. Apr. 27, 2011) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

The pending motion fails to identify the applicable standard or to provide meaningful discussion that would allow the Court to conclude that the standard has been met. Moreover, it appears that the order may be at least partially moot in light of the filing of a recent summons

returned executed as to a representative for the Estate of William Smith.  *See* Docket No. 16. Accordingly, the motion to extend is hereby **DENIED** without prejudice.

      IT IS SO ORDERED.

      DATED: February 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge